# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Leslie Ellis, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Financial Credit Network, Inc, | ) | **COMPLAINT WITH** |
| Previously d/b/a Coastal | ) | **JURY TRIAL DEMAND** |
| Recovery Solutions | ) | |
| | ) | |
| Defendant | | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1. Plaintiff, Leslie Ellis, is a natural person who resides in Gwinnett County, Georgia.

2.      Defendant, Financial Credit Network, Inc, is a corporation organized under the laws of the State of California. Defendant may be served with process via its registered agent, Alicia Sundstrom at 1300 West Main Street, Visalia, California 93291.

## JURISDICTION AND VENUE

3.      This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.      Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.      Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of electric utility service and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a collection agency specializing in the collection of consumer debt.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

13. For the last several months, the Plaintiff has been receiving collection calls and letters from a number of parties, including the Defendant.

14. The Plaintiff is desirous of getting control over her debt and working out a plan to resolve what she owes to various creditors. A critical part of this is obtaining clear information regarding each account and how each is being collected so that she can prioritize payment decisions.

15. As part of Plaintiff's effort, she obtained a copy of her credit report as published by Transunion and Experian on May 5, 2020.  At that time, she noted an account being reported as in collection by the Defendant on behalf of the City of Pasadena in the amount of $186.00.

16. The Plaintiff did not recognize the account, or was unfamiliar with information being reported by the Defendant.

17. On or about August 4, 2020, Plaintiff initiated a call to Defendant to obtain more information.

18. The Plaintiff's call was connected to an individual identifying herself as "Lauren Winslow".  After verifying the Plaintiff's identity, Defendant confirmed it was collecting a balance of $186.29 payable to the city of Pasadena and arising out of electric utility services.  The Defendant also represented that the account was placed with it in 2015.

19. The Plaintiff replied that the amount seemed high and asked if the account was accruing interest. The Defendant's representative advised her it was accruing interest at the rate of 10% per year.

20. The Plaintiff, knowing she could not possibly pay this amount at one time, asked if there were any other options available to her. The Defendant responded by telling her that they could accept payments toward the balance.

21.     The Plaintiff asked if there were any negative effects associated with her making such periodic payments.  The Defendant responded in the negative telling her specifically there were no negative effects in that the Plaintiff's balance would go down and the account show paid in full once it reached zero.

22.     The Plaintiff asked specifically how long this will remain on her credit report from the time it had been reported and whether or not the account would be deleted from her credit report once paid in full.  The Defendant responded that it would remain on her credit report for seven years and that once it was paid in full the Plaintiff could request deletion from her credit report.

23.     The prejudgment rate of interest per California law is 7%.  Cal. Civ. Code § 3289.

24.     The statute of limitations for a written contract under California law is four years.  Cal. Civ. Code § 337(1).

25.     A debt that is barred by the applicable statute of limitations can be revived under California law if an acknowledgment or promise is submitted in some form of writing.  See, Cal. Civ. Code § 360.

26.     During the course of the call, Plaintiff specifically asked if beginning regular partial payments to be applied to the debt under collection carried any negative effects for the Plaintiff. The Defendant responded in the negative.

27. Upon information and belief, the statute of limitations applicable to the Defendant's claim expired in July 2019.

28. Under California law if the Plaintiff made partial payments toward the balance owed via a written instrument it would revive the statute of limitations, much to the Plaintiff's detriment.

29. The Defendant's representation that the account in collection was accruing interest at 10% per year caused Plaintiff great concern such that she accessed her report as published by Transunion. In reviewing that report, Plaintiff noted that Defendant reported the amount in collection as the same as it did in May…$186.00. This caused Plaintiff a great deal of confusion.

30. Credit reporting is governed by the 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act (FCRA).

## INJURIES-IN-FACT

31. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

32. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

33. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

34. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

35. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant, including inflation of the applicable rate of interest, hindered the Plaintiff from making the necessary decisions regarding the prioritization of efforts to resolve her debt.

36. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

37. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.) Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize debt payments when they were possible;

c.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

d.) Anxiety and worry caused by concern that Plaintiff was incurring interest at the rate of 10% per year. The anxiety and worry experienced by the Plaintiff was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

38. Plaintiff incorporates by reference paragraphs 1 through 36 as though fully stated herein.

### *Violations of 15 U.SC. § 1692e and its subparts*

39. 15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

40. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

41. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

42. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

43. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

44. Defendant's representations that the Plaintiff could begin to make regular, partial payments to be applied to the debt in collection without negative consequence or effect was objectively false and or materially misleading in that such payments in conjunction with such an agreement would restart the applicable, and expired, statute of limitations. O.C.G.A. §§ 9-3-112; 9-3-110; *SKC, Inc. v. eMag Solutions*, 326 Ga. App. 798, 801-802 (1) (755 SE2d 298) (2014).

45. Defendant's representations were a violation of 15 U.S.C. §§ 1692e, 1692e(2) and e(10). *See*, *Lopera v. Midland Credit Mgmt., Inc*., 2016 WL 6650744 (M.D. Fla. Nov. 10, 2016) (denying dismissal of §§ 1692e, 1692e(2)(A), 1692e(10), and 1692f claims based on letter offering to "resolve your unpaid" debt through payment plan, without disclosing that statute of limitations could be revived by partial payment or agreement to pay).

46. Defendant's representations that the account was accruing interest at the rate of 10% per year was objectively false and materially misleading and a violation of 15 U.S.C. § 1692e, 1692e(2)(A), and 1692e(5).

47. Successive credit tradeline reports made by the Defendant to Transunion as taken from those reports in May 2020 and August 2020, indicate that the Defendant is not adding interest to the account owed.

48. The conclusion is that either the Defendant made an objectively false and materially misleading statement to the Plaintiff with respect to the accrual of interest or, alternatively, has made successive false and materially misleading representations to third parties, specifically Transunion, as to the amount of the debt in collection. Either scenario indicates violations of 15 U.S.C. § 1692e, 1692e(2), and or 1692e(8).

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

49. Plaintiff incorporates by reference paragraphs 1 through 48 as though fully stated herein.

50. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

51. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

52. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

53. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

54. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

55. Defendant's conduct has implications for the consuming public in general.

56. Defendant's conduct negatively impacts the consumer marketplace.

57. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

58. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

59. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

60. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

61. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

62. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.) Such other and further relief as may be just and proper.

Respectfully submitted this 16th day of September, 2020.

[Signatures follow]

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*